Brian S. King,  #4610
**Brian S. King, Attorney at Law**
336 South 300 East, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936

Attorney for Plaintiff

brian@briansking.com

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| MICHAEL CAPENER, | : | |
| | : | Civil No. 2:11-CV-00510 CW |
| Plaintiff, | : | |
| v. | : | |
| | : | **COMPLAINT** |
| AETNA LIFE INSURANCE COMPANY | : | |
| and UNISYS FLEXIBLE BENEFITS | : | |
| PROGRAM, LONG-TERM DISABILITY | : | |
| PLAN | : | |
| | : | |
| Defendants. | : | |

Plaintiff Michael Capener ("Capener"), through his undersigned counsel, complains

and alleges as follows:

### JURISDICTION & VENUE

1.      Jurisdiction of the court is based upon the Employee Retirement Income Security Act of

1974 ("ERISA"); and in particular 29 U.S.C. §1132(e)(1) and §1132(f).  These provisions

give the district court jurisdiction to hear civil actions brought to recover benefits due

under the terms of an employee welfare benefit plan entitled Unisys Flexible Benefits

Program, Long-Term Disability Plan (the "Plan"), which consists of long term disability

("LTD") benefits sponsored by Unisys for its employees and underwritten and insured by

Aetna.

2.     This Court has jurisdiction of the case under 29 U.S.C. §1132(e)(1). Venue is appropriate

under 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

## NATURE OF ACTION

3.     This suit seeks LTD benefits due Capener pursuant to the Plan sponsored by Unisys for

disabled employees.

4.     Capener also seeks prejudgment interest pursuant to U.C.A. § 15-1-1 and an award of

attorney fees and costs pursuant to 29 U.S.C. 1132(g).

## THE PARTIES

5.     The Plaintiff, Michael Capener, is a resident of Utah County, Utah.

6.     The Plan and Aetna do business throughout the United States and within the District of

Utah.

7.     The Plan is an employee welfare benefit plan as defined by 29 U.S.C. §1002(1). Incident

to his employment, Capener received coverage under the Plan as a "participant" as

defined by 29 U.S.C. §1002(7).

## THE DISABILITY BENEFITS

8.     The Plan promises to pay benefits if an employee is disabled.

9.      The Plan promises to pay LTD benefits if an employee "is unable to work your normal schedule due to a disability that lasts longer than 26 weeks."  Long term disability is defined as: during the first two-year period you are considered disabled if all of the following apply:

-   You are unable to work your normal work schedule due to the disability.
-   You are being treated for your illness, injury or pregnancy by a licensed physician.
-   It can be verified by Aetna (the LTD Claims Administrator – see page 486) that you are unable, due to your disability, to perform the essential functions of your regular occupation at any job site within the Company.  Essential functions include the ability to work your normal work schedule. In order to satisfy this condition your physician(s) must provide Aetna with objective, documented and clinically measured or observed impairments of a severity and intensity that limit functioning at the level required to perform the essential functions of your job.

Plan, p. 482.

## STATEMENT OF FACTS

10.     Capener was employed by Unisys as a Network Design Engineer. This is a highly technical and demanding position for which Capener regularly worked more than a 50-hour week and was "on call" for problems and trouble shooting 24-hours a day.  His job required responding to problems at any time of the day or night.

11.     Capener's disabling medical condition is chronic fatigue syndrome ("CFS") which was diagnosed by his primary care physician in November, 2008.

12.     Due to worsening symptoms of CFS, which included excessive fatigue, muscle pain, unrefreshing sleep, post exertional malaise, orthostatic intolerance (a sudden fall in blood pressure), difficulty sitting and standing, memory problems and difficulty solving complex problems, Capener was unable to perform the duties of his occupation. Capener's primary care physician recommended working less than 8 hours a day.

13.     Capener worked through November 30, 2008 and as of December 1, 2008, applied for

STD benefits.

14.     Capener attempted to return to work on a part-time basis in January, 2009 but, soon after

stopped working due to the symptoms of CFS.

15.     Capener applied for LTD benefits in April, 2009.

16.     Since March, 2009, Lucinda Bateman, MD, a CFS expert and consultant to the National

Institutes of Health, has treated Capener and provided Aetna with medical reports. The

medical records continually affirm, and Dr. Bateman has consistently determined, that

Capener is disabled by CFS and is unable to work.

17.      On June 1, 2009, Aetna denied Capener LTD benefits because he did not meet the

elimination period of 26 weeks.

18.     On June 25, 2010, Capener filed a complaint against Aetna Life Insurance Company and

the Unisys Flexible Benefits Program for the reinstatement of STD and LTD benefits.

19.     The issue of STD benefits was fully settled and compromised as stated in a stipulation

motion for dismissal filed on November 11, 2010.

20.     As specified in paragraph four of the "Stipulated Motions for Dismissal with Prejudice of

STD Claims and Dismissal without Prejudice of LTD Claims," (Case No. 2:10-CV-

00582-DB), November 11, 2010:

> In accordance with the provisions of their Confidential Settlement Agreement the
> parties hereby stipulate and agree that in the event Plaintiff, after dismissal of his
> LTD claim without prejudice, and after Aetna's further review of his LTD claim,
> files further litigation with respect to his LTD claim Aetna will not assert that
> Plaintiff is barred from asserting his LTD claim because he did not receive the full
> 26 weeks of STD benefits and Aetna will not assert that any Unisys Defendant
> should be joined as a party of is obligated to indemnify Aetna with respect to
> benefit payments under any LTD claim asserted by Plaintiff. The parties stipulate

and agree, therefore, that the civil action may be dismissed with prejudice as to Defendant Unisys Flexible Benefits Program (which includes the Unisys STD plan the Unisys LTD plan) all Plaintiff's claims against those entities having been fully settled and compromised.

21.  In a letter dated December 7, 2010, Aetna wrote to update Capener on "the status of our evaluation of Mr. Capener's entitlement to Long Term Disability (LTD) benefits" and to request "current medical information from all treating providers," among other things.

22.  In response, Capener sent via Federal Express to Aetna, an LTD benefits appeal letter dated January 11, 2011, current medical records and other documents reconfirming Capener's total disability due to CFS and a notification from the Social Security Administration Office of Disability Adjudication and Review that Capener had been approved for social security disability benefits.

23.  On January 12, 2011, an Aetna representative (J. Robinson), signed and confirmed receipt of Capener's package that contained Capener's LTD appeal and attached documents (Federal Express tracking number 796645639151).

24.  To date, Aetna has not responded to Capener's January 11, 2011 LTD appeal.

25.  In administering Capener's LTD benefits, Aetna was acting as an agent for the Plan. Aetna's denial of LTD benefits is contrary to the terms and conditions set forth in the Plan, contrary to the reports and assessments of the doctors who have evaluated and treated Capener, and Aetna's actions fall well below the "higher-than-marketplace quality standards" imposed by ERISA according to Metropolitan Life Ins. Co. v. Glenn, 128 S.Ct. 2343, 2350 (2008).

26.  Capener's CFS condition has consistently met the Plan definitions of disability since its onset.

27. Throughout the denial and appeal process, Capener has had CFS and has been disabled by severe fatigue and other medical symptoms. Throughout this time he has been continuously treated for CFS by a licensed physician specializing in the diagnosis and treatment of CFS.  Despite this, Aetna has never reviewed Capener's claim utilizing a physician with expertise in diagnosing or treating CFS.  Aetna's decision to deny Capener's claims was unjustifiable and Aetna failed to provide Capener with a full and fair review of his denied claims.

28. Aetna's failure to timely respond to Capener's appeal for LTD benefits is a failure of the Plan to establish or follow ERISA's claims procedure requirements. Pursuant to 29 C.F.R.  §2560.503-1(l), Capener is deemed to have exhausted the administrative remedies available under the Plan and is entitled to bring this suit and pursue the disability benefits he is owed on the basis that the Plan has failed to provide a reasonable claims procedure that would yield a decision on the merits.

## CAUSE OF ACTION
(Claim for Benefits Under 29 U.S.C. §1132(a)(1)(B))

29. Aetna and the Plan failed to pay LTD disability benefits to Capener despite his disabling conditions and the opinions of his physicians that he is unable to work.

30. The failure and refusal of Aetna and the Plan to pay the LTD benefits owed to Capener is a breach of the terms and provisions of the Plan and of ERISA.

31. The actions of Aetna and the Plan have caused damage to Capener in the form of denial of his long term disability benefits.

32. Aetna and the Plan are responsible to pay Capener his LTD benefits plus pre- and post-judgment interest and attorney fees and costs.

WHEREFORE, Capener prays for judgment against the Defendants as follows:

1.      On Capener's Cause of Action, for an Order requiring payment of long term disability benefits, for an award of pre- and post-judgment interest, and for an award of attorney fees, pursuant to 29 U.S.C.§1132(g);

2.      For such further relief as the Court deems equitable.


DATED this 6th  day of June 2011.


                                                             s/ Brian S.  King
                                                            Brian S. King
                                                            Attorney for Plaintiff


Plaintiff's Address:
Utah County, Utah